## THOMASSON v. COMMERCIAL BANK.

Trust—Contract—Bank—Debtor and Creditor.—The certificate of deposit sued on does not create any trust relation between the parties, but only that of debtor and creditor.

Before Benet, J., Columbia, December, 1894. Reversed.

Action by W. H. Thomasson against Commercial Bank of Columbia, S. C., and C. J. Iredell, as manager of the Depositors' Co-operative Association. Judgment for plaintiff. Defendant bank appeals.

*Mr. W. H. Lyles*, for appellant.

*Messrs. McDonald, Douglass & Obear*, contra.

Feb. 17, 1896. The opinion of the Court was delivered by

Mr. Chief Justice McIver. This case is so identical in principle with the case of Leaphart, ex'trx., v. Commercial Bank of Columbia, S. C., in which the opinion has just been filed, as to supersede the necessity of adding anything to what is there said. Here, as there, the plaintiff, in response to a circular identical in form with that set out and considered in that case, deposited with C. J. Iredell, manager, a certain sum of money, and received from him a certificate of deposit practically identical in terms (the only difference being in dates, amounts, and names) with that passed upon in the case referred to.

The controlling question in this as in that case, is, whether the papers evidencing the contract between the parties— the circular and the certificate of deposit—can be regarded as creating a trust relation between the parties. The Circuit Judge in this case, in holding that there was such a trust relation, seems to have overlooked or ignored the terms of the contract between the parties, as set forth in the papers above refered to, especially the certificate of deposit, to which alone the Court must look to ascertain what was the real

nature of the contract between the parties. As was there held, no trust relation was created by the terms of the contract, but, on the contrary, under a proper construction of the contract, the relation was simply that of debtor and creditor. This view is conclusive of the case, and as the other questions discussed in the argument are based upon the erroneous assumption that there was a trust relation between the parties, they cannot properly arise, and need not, therefore, be considered.

It necessarily follows, that the judgment of the Circuit Court must be reversed, in so far as it affects the only one of the defendants who has appealed; but as the other defendant has not appealed, the judgment below against that defendant must stand affirmed.

The judgment of this Court is, that the judgment of the Circuit Court, as against the appellant, the Commercial Bank, be reversed; and that the complaint as to that defendant be dismissed, but that the judgment of the Circuit Court, as against the other defendant, C. J. Iredell, as manager of the Depositors' Co-operative Association, not having been appealed from by that defendant, must stand affirmed.